Matter of Keith (2025 NY Slip Op 03632)

Matter of Keith

2025 NY Slip Op 03632

Decided on June 12, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding

Motion No. 2025-01645|Case No. 2023-02706|

[*1]In the Matter of Arnold Pennington Keith, Jr. an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Arnold Pennington Keith, Jr. (OCA Atty Reg. 1864602), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Arnold Pennington Keith, Jr., was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 23, 1983.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Christopher S. Ronk, of counsel), for petitioner
Respondent, pro se.

In the Matter of Arnold Pennington Keith, Jr., an attorney Per Curiam
Respondent Arnold P. Keith was admitted to the practice of law in the State of New York by the First Judicial Department on May 23, 1983, under the name Arnold Pennington Keith, Jr. At all times relevant to this proceeding, respondent has maintained a business address within the First Judicial Department.
On May 26, 2023, the Attorney Grievance Committee (AGC) served respondent with a Notice and Petition for Charges, alleging three counts of professional misconduct related to his biennial attorney registration statement. The first and second charges alleged violations of rule 8.4(c) of the New York Rules of Professional Conduct (22 NYCRR 1200.0) based on respondent's false certification that he (1) completed the required CLE credits for an attorney registration cycle, and (2) that he retained the required certificates for those CLEs. The third charge alleged that respondent violated rule 8.4(h) due to his failure to complete the credits he falsely certified. In his answer, dated May 31, 2023, respondent admitted to all three charges and their underlying allegations. By Unpublished Confidential Order, dated June 14, 2024, this Court sustained all three charges based on respondent's admissions and documentary evidence. This Court also appointed a Referee to conduct a sanction hearing.
According to the Referee's report, the evidence demonstrated that "respondent falsely certified that he had completed the requisite [CLE] credits during a registration cycle between 2017 and 2019, and falsely claimed that he possessed proof thereof. Such conduct was in violation of Rule 8.4(c) " Respondent also did not take any of the mandatory CLEs, which was in violation of rule 8.4(h).
In aggravation, the Referee noted that respondent knew he did not complete his CLEs at the time he certified and claimed he could not find his certificates of completion. The Referee found that "when the case was turned over to the AGC, Respondent continued his false claims about the certificates . . . then testified under oath on February 24, 2022, and maintained the same position."
In mitigation, the Referee found that respondent acknowledged his mistakes, did not make excuses for himself, and said that he was "guilty as charged" and ready to "fall on the sword." Respondent also cooperated with the AGC, has no prior disciplinary history, and has no clients who were impacted by the misconduct. The Referee noted [*2]that the disciplinary investigation led respondent to experience "sleepless nights and daily stress." Respondent reassured the Referee that he improved his recordkeeping and stated that the misconduct would never happen again. He claimed that "any suspension imposed will devastate [my] law practice."
Although the AGC sought a six-month suspension at the conclusion of the sanction hearing, the AGC now requests that this Court confirm the Referee's report and "sanction the respondent as the Court deems just and proper." The Referee recommended a public censure.
Here, we also find that a public censure is appropriate. Respondent's misconduct was tempered by his acknowledgment of guilt, improved recordkeeping, and acceptance of responsibility. Further, respondent has no prior disciplinary history, fully cooperated with the AGC's investigation, and specified that the misconduct would never happen again. Given these mitigating factors, respondent's suspension is unwarranted.
Accordingly, the AGC's motion to confirm the Referee's findings should be granted and respondent publicly censured.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department to confirm the Referee's findings, pursuant to 22 NYCRR 1240.8(b), is granted, and respondent, Arnold Pennington Keith, Jr., is publicly censured.
Entered: June 12, 2025